Case 1:15-cv-03975-NRB   Document 98   Filed 05/09/19   Page 1 of 6
Case 18-534, Document 103, 05/09/2019, 2560023, Page1 of 6

**MANDATE**

18-534-cv
Nat'l Indem. Co. v. IRB Brasil Resseguros S.A.

.N.Y.S.D. Case #
15-cv-3975(NRB)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand nineteen.

PRESENT: PIERRE N. LEVAL,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
*Circuit Judges*.

-----------------------------------------------------------------

NATIONAL INDEMNITY COMPANY,

*Plaintiff-Appellee*,

COMPANHIA SIDERURGICA NACIONAL S.A.,

*Intervenor-Appellee*,

v.                                                              No. 18-534-cv

IRB BRASIL RESSEGUROS S.A.,

*Defendant-Appellant*.

-----------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 09 2019

MANDATE ISSUED ON 05/09/2019

| | | |
|---|---|---|
| FOR APPELLANT: | | CARL J. SUMMERS (Michael O. Ware, on the brief), Mayer Brown LLP, Washington, D.C. |
| FOR APPELLEES: | | MICHAEL A. KNOERZER (Stephen M. Kennedy, on the brief), Clyde & Co. U.S. LLP, New York, NY. |
| FOR INTERVENOR-APPELLEE: | | MICHAEL C. LEDLEY (Fletcher Strong, on the brief), Wollmuth Maher & Deutsch LLP, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, Judge). UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the order of the District Court is VACATED.

IRB Brasil Resseguros S.A. ("IRB") appeals from the district court's order granting the motion of National Indemnity Company ("NICO") to enforce an arbitration award, which had earlier been confirmed by this court in 2017. *Natl. Indem. Co. v. IRB Brasil Resseguros S.A.*, 675 F. App'x 89 (2d Cir. 2017). The arbitration award requires IRB to "hold NICO harmless for (and indemnify NICO against) [Companhia Siderurgica Nacional S.A.'s (CSN's)] claim for the return of the premium it paid to NICO . . . limited to the premium amount paid and the fees and costs incurred by NICO in connection with CSN's premium

2

collection efforts." App. at 57. The parties agree that the reference in the arbitration award to the "premium amount paid" applied to a specific period of coverage (which the parties call "the Renewal Period") and amounted to about $9 million.   In the district court, CSN and NICO sought to enforce the award against IRB, seeking $5 million as NICO's return to CSN of a part of the $9 million premium CSN had paid to NICO. The $5 million amount was determined in an April 26, 2016 settlement agreement between NICO and CSN, *id*. at 219, of an action brought by NICO in the United States District of New Jersey, for a declaratory judgment that it had no obligation to refund the premium it had received for the Renewal Period. *Natl. Indem. Co. v. Companhia Siderurgica Nacional S.A.*, No. 15-cv-752 (D.N.J. filed Feb. 2 2015). IRB had been a party to the New Jersey litigation, but had been voluntarily dismissed from the case at the time CSN and NICO reached the settlement. *Id*. at ECF Nos. 72–74, 95 (D.N.J.). IRB did not join in the settlement.

　　　The settlement agreement between NICO and CSN, in addition to agreeing to the $5 million reimbursement, stated, "NICO shall have no liability whatsoever to pay the Settlement Amount to CSN from its own funds. . . .

3

Instead, NICO shall promptly pursue a judgment against IRB for $5,000,000 plus interest and NICO's legal fees." App. at 151.

IRB argues, first, that an agreement between CSN and NICO does not establish a liability of IRB, and, second, that the language in the settlement agreement negating NICO's obligation to pay the $5 million settlement from its own funds extinguishes its indemnification obligation to NICO. While the district court's order, in concluding that it grants "NICO's motion to enforce the judgment" (the 2016 judgment of the district court confirming the arbitration award), does not explicitly say that IRB is to pay the $5 million, that was the relief CSN and NICO were seeking, and that was the manifest intention of the district court's ruling, as explained in its Memorandum and Order of January 23, 2018. *Natl. Indem. Co. v. IRB Brasil Resseguros S.A.*, No. 15-cv-3975, 2018 WL 739450, at *6 (S.D.N.Y. Jan. 23, 2018). (The district court did not enter a separate judgment).

We vacate the district court's ruling. The agreement between CSN and NICO does not establish a liability of IRB to pay $5 million. *Cf. E.E.O.C. v. Waffle House Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty."); *Davis v. Blige*, 505 F.3d 90, 102–03 (2d Cir. 2007) ("Settlement

4

agreements are not to be used as a device by which A and B, the parties to the decree, can (just because a judge is willing to give the parties' deal a judicial imprimatur) take away the legal rights of C, a nonparty." (internal quotation marks, brackets, and citations omitted)).

On the other hand, we reject IRB's argument that the settlement between CSN and NICO exonerated IRB from any possible further liability under the arbitration award. This argument distorts the meaning of the settlement and undermines the intention of the arbitration award. The settlement did not establish that NICO is not obligated to make a return of premium to CSN. To the contrary, its intention was to establish that there was such an obligation (to the extent of $5 million), and that, pursuant to the arbitration award, the obligation was to be borne by IRB rather than NICO. While such a private agreement between CSN and NICO could not succeed in imposing a liability on IRB, nor did that agreement establish that NICO has no liability to CSN to return the premium. To interpret the settlement in accordance with IRB's argument would not only misinterpret the settlement but would also undermine and defeat the arbitration award.

Although there is no basis at present for imposing liability for any particular amount of money on IRB, neither is there a basis for concluding that IRB no longer has an obligation to "hold NICO harmless for . . . CSN's claim for the return of the premium," App. at 57, pursuant to the arbitration award. We see no reason why a future judgment finding liability of NICO to CSN for return of the premium (in a specified amount) should not serve as a basis, pursuant to the arbitration award, for the imposition of an indemnification obligation on IRB, assuming IRB received the procedural protections to which an indemnitor is entitled in the suit establishing NICO's liability.

We have considered the parties' remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit